UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARY COSGROVE,

          Plaintiff,         Civil Action No. 16-10164
                                    Honorable Victoria A. Roberts
v.                               Magistrate Judge Elizabeth A. Stafford

GARY MILLER, MARGRET
ANDERSON, PATSY ENOS,
TODD McLEAN, TODD
MASSICK, ANTHONY COLLIER,
RICHARD GRING, RUSSELL
VITTITOW, ERNEST HUIZAR,
and CAROLLE WALKER,

          Defendants.
_____/

**REPORT AND RECOMMENDATION ON CROSS-
MOTIONS FOR SUMMARY JUDGMENT [R. 26, 27]**

**I.    INTRODUCTION**

Plaintiff Cary Cosgrove, a prisoner proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983, alleging various violations of both his First and Eighth Amendment rights during his incarceration at Saginaw Correctional Facility ("SRF").[1]  [R. 1].  Defendants Gary Miller, Margret Anderson, Patsy Enos, Todd McLean, Todd Massick, Anthony Collier,

---

[1] The Honorable Victoria A. Roberts referred this matter for report and recommendation on dispositive matters.  [R. 12].

Richard Gring, Russell Vittitow, Ernest Huizar, and Carolle Walker have filed a motion for summary judgment pursuant to Federal Rules of Civil Procedure 56(a) for failure to exhaust administrative remedies and on the basis of Eleventh Amendment immunity for claims against them in their official capacities. [R. 26]. Cosgrove filed his own motion for summary judgment, but the Court construes it as a response to defendants' motion, as it requests no affirmative relief. [R. 27]. For the reasons stated below, the Court **RECOMMENDS** that defendants' motion for summary judgment [R. 26] be **GRANTED IN PART AND DENIED IN PART**, and that Cosgrove's motion for summary judgment [R. 27] be **DENIED AS MOOT**.

## II.  ANALYSIS

### A.

Federal Rule of Civil Procedure 56 provides that "[t]he Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-57 (1986); *Pittman v. Cuyahoga County Dep't of Children & Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2011). The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion, and must identify particular portions of the record

that demonstrate the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009).

If the movant satisfies its burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial. *Celotex*, 477 U.S. at 324; *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001). In deciding a summary judgment motion, the Court must view the factual evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986); *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 249.

When feasible, the Court will decide exhaustion disputes before addressing the merits of the claims. *See Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014). A dismissal for failure to exhaust administrative remedies, even when decided on summary judgment, is without prejudice. *Boyd v. Corr. Corp. of America*, 380 F.3d 989, 994 (6th Cir. 2004).

## B.

The Prison Litigation Reform Act ("PLRA") requires prisoners to "properly" exhaust all "available" administrative remedies prior to filing a lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006). Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court and produces a useful administrative record. *Jones v. Bock*, 549 U.S. 199, 204 (2007).

Proper exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 90, 93 (citation omitted) (emphasis in original). The PLRA does not detail what "proper exhaustion" entails because "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones*, 549 U.S. at 218. The content of the grievance must be adequate to give prison officials fair notice of the alleged misconduct or mistreatment about which the prisoner complains. *Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir.2006). "[T]he primary purpose of a grievance is to alert prison officials of a particular problem." *Newson v. Steele*, No. 09–10346, 2010 WL 3123295, at *4 (E.D.Mich. July 1, 2010), *report and recommendation adopted*, 2010

WL 3123288 (E.D.Mich. Aug. 9, 2010).

MDOC Policy Directive 03.02.130 sets forth a three-step procedure prisoners must ordinarily follow in order to complete the administrative review process and properly exhaust grievances. A prisoner must attempt to informally resolve the problem with the allegedly offending staff, and then may file a Step I grievance regarding any unresolved issues with a grievance coordinator. MDOC Policy Directive 03.02.130, ¶ P and R (effective July 9, 2007).[2] The prisoner may then file a Step II grievance appeal within ten days of receiving the Step I response or, if no response was received, within ten business days after the date the response was due. *Id.* at ¶ BB. The same schedule applies to a Step III appeal – it is due within ten business days of receiving the Step II response or, if no response was received, within ten business days after the date the response was due. *Id.* at ¶ FF. Prisoners must appeal their grievances through Step III and wait until receipt of a Step III response, or until the response is past due, before filing suit.

However, the ordinary exhaustion procedure is somewhat modified here because Cosgrove was on modified grievance access status. When

---

[2] The Policy Directive is available at:
https://www.michigan.gov/documents/corrections/03_02_130_200872_7.pdf

5

subjected to modified grievance access, a prisoner can only obtain grievance forms from the Step I Grievance Coordinator, which are provided only if the coordinator determines that the issue complained of is grievable and meets other applicable criteria. *Id.* at ¶ KK. A prisoner on modified access status must still pursue all administrative remedies before filing suit in federal court. *Walker v. Michigan Dep't of Corr.*, 128 F. App'x 441, 446 (6th Cir. 2005). However, unlike the normal procedure, "[i]f a prisoner on modified access attempts to file a grievance, but is prevented from doing so because the grievance is deemed non-meritorious, the prisoner has exhausted all available administrative remedies as required by § 1997e(a)." *Cary v. Eaton,* No. 11-CV-13151, 2011 WL 4916676, at *2 (E.D. Mich. Oct. 17, 2011). *See also Sango v. Burns*, No. 1:15-CV-365, 2016 WL 820035, at *5 (W.D. Mich. Feb. 8, 2016), *report and recommendation adopted*, No. 1:15-CV-365, 2016 WL 814928 (W.D. Mich. Mar. 2, 2016) (question of fact existed regarding whether prisoner on modified grievance access status exhausted administrative remedies after being denied grievance forms).

### C.

Defendants argue that Cosgrove's Step III Grievance Report, [R. 26-3], shows that he could not have exhausted a grievance related to the issues in his complaint, as he did not receive a response at the Step III

6

level until February 24, 2016 at the earliest, while his complaint was filed in the Western District of Michigan on November 25, 2015, and transferred to the Eastern District on January 19, 2016.  [R. 1; R. 26-3, PgID 219]. Normally this requires dismissal.  *See, e.g., Freeman v. Francis,* 196 F.3d 641, 645 (6th Cir. 1999) ("[W]e must dismiss plaintiff's complaint because he filed his federal complaint before allowing the administrative process to be completed").  Thus, defendants have satisfied their burden by showing that Cosgrove had no completed grievances before the date this case was filed.

Cosgrove responds that he submitted a proposed grievance on October 30, 2015 regarding "use of force" and "staff corruption," and that he received a response on November 3, 2015, "stating such grievances are limited and don't meet grievable criteria."  [R. 27, PgID 231].  What the response from November 3 actually said was that "[f]rom the very limited information you have provided I am unable to ascertain if any of these general issues/incidents meet the criteria as a grievable issue.  Grievance forms denied."  [*Id.*, PgID 239].

The proposed October 30 grievance includes an excessive force allegation against "C/O Collier," who Cosgrove said yanked on a tether so hard that it tightened his handcuffs and caused him numbness in his hand.

7

[R. 27, PgID 235]. His complaint includes that claim. [R. 1, PgID 5]. That is the only claim in the complaint that was set forth in the rejected grievance form so as to give prison officials fair notice of the alleged mistreatment. Cosgrove also alleges that some of his grievances were lost by his facility's current grievance coordinator, and that "it's very clear by looking at his record of filing grievances on staff . . . MDOC will find any reason if they know such grievance is good enough . . . to shut the process down." [R. 27, PgID 233]. But he has not provided proof that he attempted to file other grievance forms that pertain to the remaining claims in his complaint.

Because Cosgrove's effort to file the grievance alleging excessive force against Defendant Anthony Collier was denied, a question of fact exists regarding whether he has exhausted his administrative remedies with respect to that claim. *Cary* 2011 WL 4916676 at *2; Sango, 2016 WL 820035 at *5. However, summary judgment should be granted with respect to the remaining claims and defendants due to Cosgrove's failure to exhaust administrative remedies.

### D.

Cosgrove's complaint is filed against defendants in their personal and "work" capacities, and requests both monetary relief and a transfer to another facility. [R. 1, PgID 6-7]. Defendants move for summary judgment

8

of the claims against them in their official capacities. This relief should be granted with respect to Cosgrove's claims for damage, because such a claim against state officials is barred by the Eleventh Amendment. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). But a state official may be sued for injunctive relief in his or her official capacity. *Wolfel v. Morris*, 972 F.2d 712, 719 (6th Cir. 1992). Although Cosgrove may not be entitled to injunctive relief for other reasons, summary judgment on Eleventh Amendment grounds should be limited to his claims for damages.

### III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS GRANTING IN PART AND DENYING IN PART** defendants' motion for summary judgment **[R. 26]**, **DENYING AS MOOT** Cosgrove's motion for summary judgment **[R. 27],** and **DISMISSING WITHOUT PREJUDICE** all of Cosgrove's claims except the excessive force claim against Anthony Collier.

        s/Elizabeth A. Stafford
        ELIZABETH A. STAFFORD
        United States Magistrate Judge

Dated: December 19, 2016

9

## **NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each objection must be labeled as "Objection #1," "Objection #2," etc., and must specify precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, the non-objecting party must file a response to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be concise and proportionate in

length and complexity to the objections, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 19, 2016.

> s/Marlena Williams
> MARLENA WILLIAMS
> Case Manager