UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

CARY COSGROVE,

    Plaintiff,                                       Case No. 16-10164
                                                              Honorable Victoria A. Roberts

v.

GARY MILLER, *et al.*,

    Defendants.
_____/

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS [Doc. 57] AND UPHOLDING THE MAGISTRATE JUDGE'S ORDER [Doc. 56] DENYING PLAINTIFF'S REQUEST TO RESCHEDULE SETTLEMENT CONFERENCE

On June 1, 2016, the Court referred this case to Magistrate Judge Elizabeth A. Stafford for all pretrial proceedings. In January 2017, Judge Stafford entered an amended scheduling order, setting an August 28, 2017 discovery deadline and a September 7, 2017 settlement conference.

On March 24, 2017, Plaintiff Cary Cosgrove, a prisoner proceeding *pro se*, requested that the "settlement conference be pushed forward to possibly May or June" because he will be "maxing out" on September 13, 2017. [Doc. 49]. Anthony Collier, the sole remaining Defendant, opposed Cosgrove's request, saying it would be "futile" to hold a settlement conference prior to the end of discovery.

On April 25, 2017, Magistrate Judge Stafford entered an order DENYING Cosgrove's request, finding that: "Federal Rule of Civil Procedure 16(b)(4) allows a judge to modify a scheduling order for good cause, but here, Cosgrove has shown no compelling reason that the September 7 settlement conference date cannot be held shortly before his potential discharge from prison." [Doc. 56].

Cosgrove objects to Magistrate Judge Stafford's order based on his representation that he will be homeless after being released from prison on September 13, 2017. [Doc. 57]. He says that if he "chooses not to take [] any deal that is brought to him at [the] settlement conference," he would be subject to undo hardship and possible dismissal of his case, because after being released he will not: (1) be able to make it to Detroit for Court appearances; (2) have access to legal materials to help him litigate his case; (3) have a mailing address to receive mail pertaining to the case; and (4) have funds to mail documents to the Court. [*Id.*, PgID 382].

When reviewing objections to a magistrate judge's order on a pretrial, non-dispositive matter, the Court must modify or set aside any part of the decision that is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *United States v. Curtis*, 237 F.3d 598, 602-03 (6th Cir. 2001). The "clearly erroneous" standard applies only to the magistrate judge's factual findings; her legal conclusions are reviewed under the "contrary to law" standard. *Visteon Global Techs. v. Garmin Int'l, Inc.*, 903 F. Supp. 2d 521, 524-25 (E.D. Mich. 2012) (citations omitted). A finding is clearly erroneous when, "although there is evidence to support it, the reviewing court . . . is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

Magistrate Judge Stafford's order is neither clearly erroneous nor contrary to law. In his original filing, Cosgrove only mentioned that his release date was September 13, 2017; he did not make any allegations of hardship related to post-release homelessness or lack of access to the Court. Based on the record before her, Judge Stafford reasonably and sensibly found that Cosgrove failed to show good cause existed to

reschedule the settlement conference.  Moreover, considering that Collier says a settlement conference would be fruitless in May or June (i.e., prior to the August 28 discovery deadline), it is clear that Judge Stafford's decision to deny Cosgrove's request was appropriate.

The Court **OVERRULES** Cosgrove's objections [Doc. 57] and **UPHOLDS** Magistrate Judge Stafford's order [Doc. 56].

If the case is not resolved during the settlement conference and Cosgrove's September 13 release date remains unchanged, Cosgrove may request accommodations to ensure he has adequate access to the Court after his release from prison.  However, while he may request accommodations, the Court is not finding that Cosgrove is entitled to any accommodation – or that his actual circumstances will warrant any special relief – as it is a plaintiff's responsibility to prosecute his case.  Moreover, since the case will still be in the pre-trial stage, whether Cosgrove is entitled to any requested accommodation will be for Magistrate Judge Stafford to decide.

**IT IS ORDERED**.

S/Victoria A.; Roberts
Victoria A. Roberts
United States District Judge

Dated:  June 8, 2017

The undersigned certifies that a copy of this document was served on the attorneys of record and Cary Cosgrove by electronic means or U.S. Mail on June 8, 2017June 8, 2017.

s/Linda Vertriest
Deputy Clerk

3