UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARY COSGROVE,

        Plaintiff,        Civil Action No. 16-10164
                            Honorable Victoria A. Roberts
v.                           Magistrate Judge Elizabeth A. Stafford

GARY MILLER, *et at.*,

        Defendants.
_____/

## REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION TO SEEK SUMMARY JUDGMENT ON <u>BASIS OF EXHAUSTION [ECF NO. 41]</u>

Plaintiff Cary Cosgrove, a prisoner proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983, alleging various violations of both his First and Eighth Amendment rights during his incarceration at Saginaw Correctional Facility. [R. 1]. He now files a motion to seek summary judgment on the basis of exhaustion. [ECF No. 41]. But the Honorable Victoria A. Roberts already adopted this Court's prior report and recommendation that summary judgment be denied with respect to whether Cosgrove exhausted his excessive force claim against Defendant Anthony Collier, but that all of the remaining claims be found unexhausted. [ECF Nos. 36, 40]. And failure to exhaust is an affirmative defense, *Jones v. Bock*, 549 U.S. 199, 216 (2007), not an affirmative claim for which relief

may be granted in favor of a prisoner. Thus, even if Cosgrove exhausted his remedies against Collier, that would not be grounds to grant summary judgment in Cosgrove's favor or to compel discovery; this is the relief that Cosgrove requests.[1]  [ECF No. 41, PageID 338].

Cosgrove's motion to seek summary judgment on the basis of exhaustion should therefore be DENIED [ECF No. 41].

        s/Elizabeth A. Stafford
        ELIZABETH A. STAFFORD
        United States Magistrate Judge

Dated: June 27, 2017

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but

---

[1] The proper mechanism for compelling discovery is a motion to compel. *See* Fed. R. Civ. P. 26-37.

2

fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each objection must be labeled as "Objection #1," "Objection #2," etc., and must specify precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, the non-objecting party must file a response to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be concise and proportionate in length and complexity to the objections, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 27, 2017.

                                              s/Karri Sandusky for
                                              MARLENA WILLIAMS
                                              Case Manager